UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN EDWARDS,

        Plaintiff,                  Case Number: 2:12-CV-10312

v.                                    HONORABLE PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

DR. JENKINS, ET AL.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S REQUEST TO REINSTATE AND ADD DEFENDANTS

Plaintiff Nathan Edwards filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint alleges that he has been denied his Eighth Amendment right to be free from cruel and unusual punishment because he was denied proper medical care for his gout and appropriate medical care was unreasonably delayed. He alleges that this delayed and improper treatment ultimately resulted in amputation of a toe. The Court summarily dismissed Plaintiff's claims against Defendants Westra, Carlson, Kinder, Caruso, Vemuri, and Sarver for failure to state a claim upon which relief may be granted. Now before the Court is Plaintiff's Request to Reinstate and Add Defendants.

Plaintiff asks the Court to reconsider its dismissal of Defendants Westra, Carlson, Kinder, Caruso, Vemuri, and Sarver. To prevail on a motion for reconsideration, the movant must demonstrate a palpable error by which the court and the parties have been

misled, and that correction of the error will result in a different disposition of the case. *See* E.D. Mich. LR 7.1(h)(3)

The Court dismissed defendant Stacy Westra, Chief Deputy Court Clerk for Kent County, because she is entitled to quasi-judicial immunity for acts performed within the scope of her duties as a court clerk and, to the extent that her actions were not performed within the scope of her official duties, Plaintiff failed to allege a connection between her actions and his injury. The Court dismissed Defendants Carlson and Kinder, both nurses, because imposing a $5 medical co-payment fee does not violate the Eighth Amendment. *See White v. Correctional Medical Services, Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997)). The Court dismissed Defendant Caruso because Plaintiff made no specific factual allegations against her and because § 1983 liability cannot be based upon a theory of respondeat superior absent direct involvement in or encouragement of the conduct. Finally, the Court dismissed Defendants Vemuri and Sarver because Plaintiff failed to assert any specific allegations that these defendant failed to treat or delayed in treating him.

In support of his claim that the dismissed defendants should be reinstated, Plaintiff submits approximately forty pages of grievances he filed related to his medical condition and treatment and the responses he received. The grievances indeed detail the attempts Plaintiff made to secure adequate care for his condition. However, neither the grievances nor the officials' responses demonstrate that the Court dismissed certain defendants in

2

error. Therefore, the Court will deny Plaintiff's request to reinstate the dismissed defendants.

Plaintiff also seeks to add defendants that he "has heretofore been unable to identify and, in some regards, still is unable to identify." Plaintiff's Request at 1. He does not, however, identify the defendants he seeks to add anywhere in his request. The Court will not attempt to discern which of the individuals named in the grievances Plaintiff seeks to add as defendants. Therefore, the Court will deny this portion of Plaintiff's request without prejudice.

Accordingly, **IT IS ORDERED** that Plaintiff's Request to Reinstate and Add Defendants is **DENIED**. The denial is without prejudice to Plaintiff's right to seek to add specific defendants or to request discovery to identify additional defendants.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Date: 5-31-12