UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN EDWARDS, #132106,

       Plaintiff,                          Case No. 12-10312

v.                                        District Judge Paul D. Borman
                                           Magistrate Judge R. Steven Whalen

DR. JENKINS, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's Request for Default Judgment [Doc. #10], filed on June 8, 2012, and Plaintiff's Ex Parte Motion for Default Order [Doc. #12], filed on September 7, 2012. Both motions have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions be DENIED.

**I.  FACTS**

On January 24, 2012, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil complaint under 42 U.S.C. § 1983, centering on allegations of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. He named 28 Defendants (including one "John Doe" defendant), and seeks injunctive and monetary relief.

His motions for default judgment do not name specific Defendants, and will be construed to apply to all Defendants. The gist of his position is that the Defendants failed to file responsive pleadings within 20 days of being served with summonses and complaints.

## II.  DISCUSSION

Plaintiff is laboring under the misconception that the Defendants were served with summonses and complaints, and were required to file responsive pleadings within 20 days. First of all, the Defendants were *not* served. Instead, pursuant to this Court's order directing service by the United States Marshal, the Defendants were mailed Waivers of Service, as provided in Fed.R.Civ.P. 4(d). Mailing a Waiver does not constitute service; instead, if a defendant declines to execute a waiver, then actual service, personal or as otherwise permitted under the Rules, is made, with the recalcitrant defendant being liable for the expenses incurred in effecting service. *See* rule 4(d)(2).

Under Fed.R.Civ.P. 4(d)(3), a defendant's responsive pleading is due 60 days after the request for Waiver is sent, not 20 days, as the Plaintiff argues. According to the docket entries in this case, Defendants Hunter, McCregar, Ryan, Wilson, Haase, Hense, Crawford, Scott, Willard and Pandya returned their executed Waivers of Service on September 24, 2012. Based on the date of mailing, their responsive pleadings were due on November 16, 2012. On that date, they filed a timely motion for summary judgment [Doc. #31]. Also included in that summary judgment motion were Defendants Monroe, Jones, Smith and Aiken, whose executed Waivers were returned timely on October 12, 2012, and whose responses were due on December 3, 2012.

Defendant Ives' Waiver was returned timely on November 11, 2012 (response due on December 24, 2012), and Defendant McMillan's Waiver was returned on November 20, 2012 (response due on January 14, 2013). Ives and McMillan filed a timely motion for summary judgment on December 19, 2012 [Doc. #37].

Defendants Jenkins and Squires returned their executed Waivers on October 12, 2012 (response due on December 3, 2012). They filed a timely answer on November 8,

2012 [Doc. #27].

Defendants Westra, Carlson, Kinder, Caruso, Vemuri and Sarver were dismissed on April 9, 2012 [Doc. #6]. Defendants Joslyn, Page, Johnson and "John Doe" have not been served.

Accordingly, there is no basis for either Clerk's entry of default or default judgment against any Defendant.

### III.   CONCLUSION

I therefore recommend that Plaintiff's Request for Default Judgment [Doc. #10] and Plaintiff's Ex Parte Motion for Default Order [Doc. #12] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue

contained within the objections.

**s/ R. Steven Whalen**
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 23, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 31, 2013.

| | |
|---|---|
| Nathan Edwards, #132106<br>G. Robert Cotton Correctional Facility<br>3500 N Elm Ave<br>Jackson, MI 49201-8887 | s/Johnetta M. Curry-Williams<br>Case Manager |