UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN EDWARDS,

                Plaintiff,                    No. 12-10312

v.                                    District Judge Paul D. Borman
                                    Magistrate Judge R. Steven Whalen

DR. JENKINS, ET AL.,

                Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's self-styled Motion for Judgment on the Pleadings [Doc. #45]. Because the motion is on its face dispositive[1], I must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

## I.    BACKGROUND

On January 24, 2012, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil complaint under 42 U.S.C. § 1983, centering on allegations of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. He named 28 Defendants (including one "John Doe" defendant), and seeks injunctive and monetary relief.

On August 30, 2013, I filed a Report and Recommendation ("R&R") that recommended dismissal of 16 Defendants [Doc. #50]. The basic facts alleged in the

_____

[1] Reading the text of the motion, it is unclear whether Plaintiff seeks judgment on the pleadings in his favor, or whether this is actually a response to the Defendants' motions for summary judgment.

complaint are set forth in the R&R. Final disposition on the underlying defense motions is pending.

## II.    STANDARD OF REVIEW

The standard of review applicable to motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is the same as the standard for motions to dismiss pursuant to Fed.R.Civ.P. 12(b) (6). *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir.1998). However, when it is a plaintiff who files such motion, the Court accepts as true only the allegations in the complaint that the defendant has not denied.  *See Kule-Rubin v. Bahari Group Ltd.*, 2012 WL 691324, *3 (S.D.N.Y.,2012)("plaintiff is entitled to judgment on the pleadings where the defendant's answer fails to deny the elements constituting a cause of action."); *Maxum Indemnity Co. v. New Jersey Iron, Inc*., 2010 WL 1856059, *1 (D.N.J. 2010); *Halliburton Co. v. Texana Oil Co., Inc*., 471 F.Supp. 1017, 1019 (D.C.Colo.  1979).

## III.    DISCUSSION

Assuming that Plaintiff intends this as a Rule 12(c) motion for judgment on the pleadings, it must be denied. Defendants Harriet Squier and Eddie Jenkins did not file an answer, instead opting to file a Waiver of Answer [Doc. #27] pursuant to 42 U.S.C.  § 1997e(g)(1), which provides:

> **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. *Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed*. (Emphasis added).

This provision precludes any relief against Defendants Squier and Jenkins at this stage of the proceedings.  The remaining Defendants who have been served filed dispositive motions in lieu of answers [Doc. #31 and #37], in which they essentially

-2-

denied the elements constituting a cause of action. Again, because no reply was filed, §
1997e(g)(1) precludes relief against these Defendants.  Moreover, my Report and
Recommendation [Doc. #50] recommends dismissal of these Defendants. It would be a
non sequitur to at the same time recommend granting judgment to the Plaintiff.

      The Plaintiff's motion could also be read as a response to the Defendants'
dispositive motions,[2] or as an objection to my Report and Recommendation to deny his
motion for default judgment [Doc. #42]. In either case, those requests are moot.

## IV.   CONCLUSION

      I therefore recommend that Plaintiff's Motion for Judgment on the Pleadings [Doc.
#45] be DENIED.

      Any objections to this Report and Recommendation must be filed  within fourteen
(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.
Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further
right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);
*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638
F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise
others with specificity will not preserve all the objections a party might have to this
Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith
v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to
E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate
Judge.

      Within fourteen (14) days of service of any objecting party's timely filed

---

[2] Prior to preparing my Report and Recommendation [Doc. #50], I read the present
motion and considered the arguments and facts contained therein.

objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                            s/ R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE
Dated: November 21, 2013


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 21, 2013, electronically and/or by U.S. mail.

                                            s/Carolyn M. Ciesla for Michael Williams
                                            Case Manager to the
                                            Honorable R. Steven Whalen