UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN EDWARDS,

       Plaintiff,                      No. 12-10312

v.                                    District Judge Paul D. Borman
                                        Magistrate Judge R. Steven Whalen

DR. JENKINS, ET AL.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

On January 24, 2013, Plaintiff Nathan Edwards, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, centering on alleged deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Before the Court is a motion to dismiss [Doc. #65] filed by Defendants Harriet Squier, M.D. and Eddie Jenkins, M.D., which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that Defendants Jenkins and Squier be DISMISSED WITH PREJUDICE.

**I.    FACTS**

Plaintiff alleges that he is a long-time gout sufferer. He states that due to misdiagnosis and inadequate treatment by MDOC medical providers, his left great toe had

-1-

to be amputated on April 6, 2010. *Complaint*, Doc. #1, pg. ID 7. While he named numerous Defendants in his complaint, most have been dismissed, and the only remaining Defendants who have been served are Dr. Squiers and Dr. Jenkins.[1] The Plaintiff claims that although he is now receiving proper treatment for gout, previous medical service providers wrongly diagnosed his condition as arthritis. He states that he was "coerced" into taking antibiotics over a protracted period of time, which affected his immune system. The only specific allegations against Defendants Jenkins and Squiers are as follows:

> "It has been MDOC BHCS Deputy Director Dr. Jenkins who had previously, and perhaps is still, denying any surgery being performed on the Plaintiff's toe in order to save it. Also, MDOC BHCS Harriet Squires, MD, who has been denying the other Medical Service Providers orders for proper care and treatment of the Plaintiff herein." *Id*. pg ID 8.

While the "Statement of Claims" section of the complaint is in narrative form, in substance Plaintiff raises the following claims: (1) deliberate indifference to serious medical needs in violation of the Eighth Amendment; (2) civil conspiracy; and (3) breach of contract between Corizon Health, Inc. and the MDOC, as third-party beneficiary.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that

---

[1] On April 30, 2014, the Court dismissed Defendants Hunter, Ryan, Cregar, Wilson, Smith, Crawford, Hense, Aiken, Pandya, Haase, Monroe, McMillan, and Ives [Doc. #56]. Defendants Joslyn, Page, and "John Doe" have not been served.

if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

### III. DISCUSSION

#### A. Deliberate Indifference

Prisoners have a constitutional right, under the Eighth Amendment, to medical care. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing *Estelle v. Gamble, supra*, 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition").

As I found in my previous Report and Recommendation [Doc. #50], p.9, which the Court adopted [Doc. #56]:

"Here, the Plaintiff has received medical care, including surgery, physical

therapy, and orthotic devices. Whether or not he agrees or is satisfied with his level of care is beside the point."

I also note that in his response to this motion [Doc. #68], Plaintiff states at ¶ 4 that he "was *wrongfully diagnosed* with arthritis, when in fact he had gout, and was improperly treated." (Emphasis added). In the Statement of Facts section of his brief in support, he states, at p. 10, that his "condition was *wrongfully diagnosed*...and was *wrongfully treated*." (Emphasis added). He states that "*[l]ack of proper treatment* resulted in infected ulceration on the knuckle of his great toe," and he acknowledges that "blood tests, x-rays and other procedures were completed on Plaintiff in order to remove what was considered infected skin." (Emphasis added). Ultimately, an MRI was performed, followed by amputation of his toe. In the Argument section of the brief, Plaintiff states that he "was continuously given *improper medication* and was *misdiagnosed* by the medical profession[als]." (Emphasis added). If these factual allegations are true, Plaintiff has stated a viable state-law claim of medical malpractice. But as bad as his medical care may have been, misdiagnosis and improper or ineffectual treatment do not rise to the heightened standard of deliberate indifference under the Eighth Amendment. Even gross negligence is not tantamount to deliberate indifference. *See Broyles v. Corr. Medical Servs., Inc.,* 478 F. App'x 971, 975 (6th Cir.2012). In *Comstock*, the Court explained:

> "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." 273 F.3d at 703.

As I stated in my previous Report and Recommendation, I am not unsympathetic

to Plaintiff's medical concerns. After all, he lost a toe. And a prison inmate's lack of the resources available to a member of free society, coupled with Michigan's strict and unforgiving procedural limitations on malpractice actions, might, as a practical matter, effectively immunize prison medical staff from negligence suits. Nevertheless, I am constrained by long-standing Supreme Court and Sixth Circuit precedent to recommend that Plaintiff's Eighth Amendment claim be dismissed.

### B. Civil Conspiracy

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Sizemore v. Forsthoefel,* 2013 WL 2950673, *3 (N.D.Ohio 2013), citing *Revis v. Meldrum,* 489 F.3d 273, 290 (6th Cir.2007); *Hooks v. Hooks,* 771 F.2d 935 (6th Cir.1985). "[C]onspiracy claims must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch,* 826 F.2d 1534, 1539–40 (6th Cir.1987), citing *Jaco v. Bloechle,* 739 F.2d 239, 245 (6th Cir.1984) (dismissing conspiracy claim where "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory").

As discussed in the preceding section, the Defendants were at most guilty of medical negligence, and the complaint does not plausibly claim that they engaged in intentionally unlawful acts. The Plaintiff's conspiracy allegation is conclusory, and does not state with the requisite specificity the material facts underlying the claim. It should

therefore be dismissed.

### C. Breach of Contract

This state-law claim is based on the theory that Plaintiff is a third-party beneficiary to the contract between the MDOC and Corizon Health, Inc.

Plaintiff does not have standing as a third party beneficiary under M.C.L. § 600.1405, which provides that "[a]ny person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." A "mere beneficial interest in a contract is not enough to confer standing...a party having the status of a third-party beneficiary to a contract has the same right to enforce that contract as the promisee." *Stillman v. Goldfarb*, 172 Mich.App. 231, 431 N.W.2d 247, 251 (1988). Third party beneficiary status "requires an *express* promise to act to the benefit of the third party; where no such promise exists, that third party cannot maintain an action for breach of the contract." *Dynamic Construction Co. V. Barton Malow Co.*, 214 Mich.App. 425, 428, 543 N.W.2d 31 (1995)(emphasis added).

In addition, engrafting a third party beneficiary theory onto what is at its core an Eighth Amendment deliberate indifference claim would be an end run around the vicarious liability rule of *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691, which holds that liability under § 1983 cannot be based on a theory of

*respondeat superior*.[2] The Plaintiff cannot evade the strictures of a constitutional claim–or for that matter, a medical malpractice claim–by recasting it as a third party beneficiary claim.

### IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Doc. #65] be GRANTED, and that Defendants Jenkins and Squier be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[2] To establish municipal or corporate liability, a plaintiff must show that the injury resulted from a particular policy. *See Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993). Plaintiff has made no such showing here.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        /s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 21, 2015

## Certificate of Service

I certify that a copy of this order was served upon parties of record on August 21, 2015 via electronic or postal mail.

/s/A. Chubb
CASE MANAGER