UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN EDWARDS,

        Plaintiff,

v.

ROBERT JOSLYN, MICHAEL PAGE and
DEAN JOHNSON,

        Defendants.
_____ /

Case No. 12-cv-10312

Paul D. Borman
United States District Judge

## ORDER DISMISSING WITHOUT PREJUDICE UNSERVED DEFENDANTS JOSLYN, PAGE, JOHNSON AND JOHN DOE

On September 29, 2015, this Court issued an Order to Plaintiff to Show Cause why this case should not be dismissed as to the only remaining named Defendants in this case, Joslyn, Page and Johnson, who have never been served with Plaintiff's January 24, 2012 Complaint. The docket reflects that the United States Marshals attempted service on at least two occasions as to Defendants Joslyn and Page without success, *see* Text Only Entries of 9/24,12, 9/25/12, 10/18/12, and 11/13/12, and once as to Defendant Johnson, *see* Text Only Entry of 9/26/12. Fed. R. Civ. P. 4(m) provides that if service is not effectuated on a defendant within 120 days of the filing of the complaint, the court must dismiss the action without prejudice as to that defendant absent a showing of good cause for the failure. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). Plaintiff has the burden of establishing good cause. *Habib*, 15 F.3d

at 73.

In response to the Court's September 29, 2015 Show Cause Order, Plaintiff responded that he is unable to assist with service on these three Defendants because he does not know their location and acknowledges that the United States Marshals attempted service of these Defendants without success. Despite having received notice over three years ago that service on each of these Defendants was ultimately unsuccessful at the addresses provided, Plaintiff did not take further action to identify different addresses at which these Defendants may have been served. The Sixth Circuit "has never imposed an obligation on district courts to actively seek out the address of a defendant so that service can be effectuated . . . ." *Fitts v. Sicker*, 232 F. App'x 436, 444 (6th Cir. 2007). *See also Stoutamire v. Joseph*, No. 11-242, 2012 WL 6611441, at *3 (S.D. Ohio Dec. 19, 2012) (Litkovitz, MJ) (noting that district courts are "not obligated to order the re-service of an *in forma pauperis* complaint on defendants for whom neither the inmate nor state corrections department has a current address"), *adopted by* 2013 WL 991897 (S.D. Ohio March 13, 2013) (noting that "the Court has no independent duty to attempt to locate an unserved defendant").

Accordingly, the Court DISMISSES Defendants Joslyn, Page and Johnson from this action pursuant to Fed. R. Civ. P. 4(m) for failure to effectuate service of process. The dismissal as to these three Defendants is WITHOUT PREJUDICE.[1] Dismissal of these

---

[1] The Court also dismisses without prejudice defendant "John Doe," who was never identified, named or served by Plaintiff during the three years this case has been pending. *See Petty v. County of Franklin*, 478 F.3d 341, 346 (6th Cir. 2007).

remaining Defendants closes this case and a Judgment so indicating will enter this day.

IT IS SO ORDERED.

                                              s/Paul D. Borman  
                                              PAUL D. BORMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated:  October 8, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 8, 2015.

                                              s/Deborah Tofil  
                                              Case Manager